NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCORE HOLDINGS LTD and VIVA USA INC.,<br><br>　　　Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>INFINITI MEDIA, INC.,<br><br>　　　Defendant/Counter-Claimant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 10-0492 JST (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　Plaintiffs/Counter-Defendants Encore Holdings Ltd and Viva USA Inc. and Defendant/Counter-Claimant Infiniti Media, Inc. recognize that disclosure and discovery activity in this action are likely to involve production of corporate organization charts, customer lists and communications, market analyses, manufacturing processes, marketing analyses, sales and financial data, and/or other similar information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. As such, the parties have agreed to the entry of the following Stipulated Protective Order to govern the disclosure and discovery of such information.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED:

1. DEFINITIONS

   1.1 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   1.2 <u>"Confidential" Information or Items</u>: material that the Designating Party believes, in good faith, to be proprietary information of the Designating Party that is not generally known to the public and that the Designating Party would not disclose to competitors or third parties within the ordinary course of business, and which has been designated by the Producing Party as "CONFIDENTIAL" pursuant to the terms of this Order.

   1.3 <u>"Highly Confidential" Information or Items</u>: information meeting the definition of Confidential Information set forth in Paragraph 1.2 and that contains sensitive information that the Designating Party in good faith believes the disclosure of which could cause it to suffer substantial competitive harm, and which has been designated by the Producing Party as "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order.

   1.4 <u>Producing Party</u>: a party or non-party that produces Disclosure or Discovery Material in this action.

   1.5 <u>Receiving Party</u>: a party that receives Disclosure or Discovery Material from a Producing Party.

   1.6 <u>Designating Party</u>: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

   1.7 <u>Challenging Party</u>: a party or non-party that challenges the designation of information or items under this Stipulated Protective Order.

1.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2. <u>SCOPE</u>

2.1   The protections conferred by this Stipulation cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material.

2.2   The protections conferred by this Stipulation do not cover the following information:

    (a)   any information that at the time of disclosure to a Receiving Party is in the public domain;

    (b)   any information that, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the Producing Party; and

    (c)   any information known to the Receiving Party or obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information described above in subparagraphs (a)-(d) of this Paragraph.

2.3   This Protective Order does not govern the use of Protected Material during trial.  If a Party wishes to maintain the confidential status of Protected Material used at trial it must separately move the Court for such relief.

## 3. DURATION

All obligations and duties arising under this Order shall survive the termination of this action.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated, ordered, or agreed to by the parties, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material. If only some of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential").

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material. If only some of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

CASE NO. CV 10-0492 JST (PLAx)

4

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, all or portions of depositions or other testimony, and exhibits thereto, may be designated by a party or the witness being examined as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" orally at the time of the examination or in writing to the reporter within thirty (30) days after receipt of the transcript.  Post-deposition designation shall be specific by page and exhibit as appropriate.  Until expiration of the thirty (30) day designation period, the entire transcript with exhibits shall be considered "HIGHLY CONFIDENTIAL" and shall be afforded all the protections of that designation under this Order.  Documents that are used as exhibits and are already designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall keep their confidentiality designation.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential."

4.2 <u>Inadvertent Failures to Designate</u>. A Designating Party that inadvertently fails to designate Confidential Information as "CONFIDENTIAL" and/or Highly Confidential Information as "HIGHLY CONFIDENTIAL" at the time the Designating Party produces or provides such information shall be allowed to correct the failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties and provide appropriately-marked substitute copies of such documents or information.  Upon receipt of the notice, a Receiving

Party shall take appropriate steps to assure that the previously-unmarked Confidential Information and/or Highly Confidential Information is treated as Confidential Information and/or Highly Confidential Information from that time forward. Disclosure of previously-unmarked Confidential Information and/or Highly Confidential Information to persons not authorized to receive such information shall not be deemed a violation of this Order if the disclosure was made prior to receipt of the notice of inadvertent disclosure by the Designating Party; however, those persons to whom disclosure was made must return the discovery material and are to be advised that the material disclosed is "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Order.

4.3   If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   The parties shall use reasonable care when designating documents or information "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL." The acceptance by a party of documents or information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis. Nothing in this Order shall be construed to prevent any party from objecting to any "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" designation as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

5.2   <u>Timing of Challenges</u>.   A party shall not be obliged to challenge the propriety of a designation of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If after receiving information designated as

1  "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL," a Receiving Party
2  believes that such information does not meet the requirements for such designation,
3  the Receiving Party shall notify the Producing Party in writing and request that the
4  designation be removed.  Within ten (10) days after receipt of such notice, the
5  Producing Party shall advise the Receiving Party in writing whether it will or will not
6  treat the subject information as requested.

   5.3   Judicial Intervention.  The Receiving Party shall seek to reach agreement with the Designating Party to withdraw the designation.  If agreement cannot be reached between counsel the Receiving Party may obtain a decision from the Court pursuant to the procedures set forth in Civil Local Rule 37.  Any documents or information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" to which an objection has been made shall retain their given confidentiality designations until the Receiving Party's objection has been resolved by agreement of the parties or by Court Order.

   6.   ACCESS TO AND USE OF PROTECTED MATERIAL

   6.1   Basic Principles.  Absent a specific order by the Court, all information produced in this litigation designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" shall be used by the parties and any other person who obtains such information solely, except as provided herein, for purposes of preparing for and conducting this litigation and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the patent office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing.  Any use of such information that is outside of this strict scope of use shall be a violation of this Order.

   6.2   Disclosure of "Confidential" Information or Items. Materials designated as "CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

| | | |
|---|---|---|
| 1 | (a) | the Court and its employees; |
| 2 | (b) | any person, including the parties' present or former |
| 3 | | directors, officers, and employees, who authored or |
| 4 | | received the information or document in the ordinary course |
| 5 | | of business, or whose counsel has a good faith basis to |
| 6 | | believe authored or received the information or document in |
| 7 | | the ordinary course of business; |
| 8 | (c) | outside counsel of record for the parties to this litigation and |
| 9 | | their employees, including supporting personnel employed |
| 10 | | or retained by such counsel, such as paralegals, consultants, |
| 11 | | translators, interpreters, secretaries, clerks, stenographers or |
| 12 | | videographers, document copying or scanning services, and |
| 13 | | data entry or data processing staff; |
| 14 | (d) | up to two designated corporate representatives for each |
| 15 | | plaintiff and up to two designated corporate representatives |
| 16 | | for each defendant, subject to the conditions set forth in |
| 17 | | Paragraph 6.4, provided that each such representative keeps |
| 18 | | all such documents and information in segregated files the |
| 19 | | access to which is restricted to the designated representative |
| 20 | | and necessary clerical staff; |
| 21 | (e) | outside experts and/or consultants with whom counsel may |
| 22 | | deem it necessary to consult concerning technical, financial, |
| 23 | | or other aspects of this case for the preparation or trial |
| 24 | | thereof, and their respective secretarial, clerical, and |
| 25 | | supporting personnel, subject to the conditions set forth in |
| 26 | | Paragraph 6.5; |
| 27 | (f) | any designated arbitrator or mediator who is assigned to |
| 28 | | hear this matter, or who has been selected by the parties, |

| | | |
|---|---|---|
| 1 | | and his or her staff, subject to the conditions set forth in |
| 2 | | Paragraph 6.4; |
| 3 | (g) | third-party court reporting services, third-party duplicating, |
| 4 | | document handling and/or imaging services; |
| 5 | (h) | persons who have been retained by the Receiving Party or |
| 6 | | its counsel specifically to consult with regard to jury- or |
| 7 | | trial-related matters, including the composition of the jury |
| 8 | | in this matter (collectively referred to as "Trial |
| 9 | | Consultants"), and persons regularly employed by them, to |
| 10 | | the extent necessary when working under the supervision of |
| 11 | | such a Trial Consultant in connection with this matter; |
| 12 | (i) | persons who have been retained by the Receiving Party or |
| 13 | | its counsel of record specifically to prepare demonstrative |
| 14 | | or other exhibits for deposition, trial or other court |
| 15 | | proceedings in this matter (collectively referred to as |
| 16 | | "Graphic Designers"), and persons regularly employed by |
| 17 | | them, to the extent necessary when working under the |
| 18 | | supervision of such a Graphic Designer in connection with |
| 19 | | this matter; and |
| 20 | (j) | any other persons upon such terms and conditions as the |
| 21 | | parties may agree or as the Court by order directs. |

      6.3   <u>Disclosure of "Highly Confidential" Information or Items</u>. Materials designated as "HIGHLY CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

          (a)   the Court and its employees;

          (b)   any person, including the parties' present or former directors, officers, and employees, who authored or

|     |     |     |
| --- | --- | --- |
| 1   |     | received the information or document in the ordinary course |
| 2   |     | of business, or whose counsel has a good faith basis to |
| 3   |     | believe authored or received the information or document in |
| 4   |     | the ordinary course of business; |
| 5   | (c) | outside counsel of record for the parties and their |
| 6   |     | employees, including supporting personnel employed or |
| 7   |     | retained by such counsel, such as paralegals, consultants, |
| 8   |     | translators, interpreters, secretaries, clerks, stenographers or |
| 9   |     | videographers, document copying or scanning services, and |
| 10  |     | data entry or data processing staff; |
| 11  | (d) | outside experts and/or consultants with whom counsel may |
| 12  |     | deem it necessary to consult concerning technical, financial, |
| 13  |     | or other aspects of this case for the preparation or trial |
| 14  |     | thereof, and their respective secretarial, clerical, and |
| 15  |     | supporting personnel, subject to the conditions set forth in |
| 16  |     | Paragraph 6.5; |
| 17  | (e) | any designated arbitrator or mediator who is assigned to |
| 18  |     | hear this matter, or who has been selected by the parties, |
| 19  |     | and his or her staff, subject to the conditions set forth in |
| 20  |     | Paragraph 6.4; |
| 21  | (f) | third-party court reporting services, third-party duplicating, |
| 22  |     | document handling and/or imaging services; |
| 23  | (g) | persons who have been retained by the Receiving Party or |
| 24  |     | its counsel specifically to consult with regard to jury- or |
| 25  |     | trial-related matters, including the composition of the jury |
| 26  |     | in this matter (collectively referred to as "Trial |
| 27  |     | Consultants"), and persons regularly employed by them, to |
| 28  |     |     |

the extent necessary when working under the supervision of such a Trial Consultant in connection with this matter;

(h) persons who have been retained by the Receiving Party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with this matter; and

(i) any other persons upon such terms and conditions as the parties may agree or as the Court by order directs.

6.4   <u>Conditions to Disclosure of Information to Corporate Representatives and Mediators/Arbitrators</u>.  Before materials designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraphs 6.2(d), 6.2(f), or 6.3(e), the person to whom the disclosure is to be made shall first complete and sign the Acknowledgement and Declaration attached hereto as Exhibit A stating that he or she has read and understands this Order and agrees to be bound by its terms.  A copy of the completed and signed Acknowledgement and Declaration shall then be immediately sent to counsel for the party producing the Confidential Information.

6.5   <u>Conditions to Disclosure of Information to Experts/Consultants</u>.  At least five (5) business days' written notice must be given to the Designating Party before materials designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraphs 6.2(e) or 6.3(d).  The notice shall include: (i) an identification of the proposed expert witness or consultant; (ii) a copy of the most

1  recent curriculum vitae for that expert witness or consultant including a list of all past
2  and present employers and a list of any publications and patents; (iii) any current or
3  previous relationship (personal or professional) with any of the parties; (iv) a list of
4  other cases in which the individual has testified (at trial or deposition) within the last
5  four (4) years; and (v) a completed and signed Acknowledgement and Declaration
6  attached hereto as Exhibit A stating that he or she has read and understands this Order
7  and agrees to be bound by its terms.  A separate Acknowledgement and Declaration
8  shall not be required for staff members working under the supervision of an
9  individual signing the Acknowledgement and Declaration.  Any individual signing an
10 Acknowledgement and Declaration, however, shall accept full responsibility for
11 taking measures to ensure that staff members working under his or her supervision
12 comply with the terms of this Protective Order.  A copy of the completed and signed
13 Acknowledgement and Declaration shall then be sent via email, with confirmation by
14 mail, to counsel for the party producing the Confidential Information and/or Highly
15 Confidential Information.
16         6.6    Storage of Protected Material.  Protected Material must be stored
17 and maintained by a Receiving Party at a location and in a secure manner that ensures
18 that access is limited to the persons authorized under this Stipulated Protective Order.
19         6.7    Use of Protected Material by Designating Party.  Nothing in this
20 Order shall limit any Designating Party's use of its own Confidential Information or
21 Highly Confidential Information, nor shall it prevent the Designating Party from
22 disclosing its own Confidential Information or Highly Confidential Information to
23 any person.  Such disclosure shall not affect any designations made pursuant to the
24 terms of this Order, so long as the disclosure is made in a manner that is reasonably
25 calculated to maintain the confidentiality of the information.
26      7.    OBJECTIONS TO DISCLOSURE OF PROTECTED MATERIAL
27         7.1    During the five-day notice period under Paragraph 6.5, the
28 Designating Party may object in writing to the disclosure of its Confidential

1  Information and/or Highly Confidential Information to persons identified pursuant to
2  Paragraphs 6.2(e) or 6.3(d) if the objecting party has a good faith basis to believe that
3  disclosure of Confidential Information or Highly Confidential Information to the
4  proposed expert or consultant would likely cause it to suffer substantial competitive
5  harm.  Any objection must set forth in detail the grounds on which it is based and the
6  specific manner in which the objecting party would be harmed by the disclosure of its
7  Confidential Information or Highly Confidential Information to the proposed expert
8  or consultant.
9         7.2    If the party proposing disclosure of Confidential Information
10 and/or Highly Confidential Information to persons identified in Paragraphs 6.2(e) or
11 6.3(d) receives an objection to such disclosure during the five-day notice period
12 under Paragraph 6.5, there shall be no disclosure to the proposed Receiving Party
13 until such objection is resolved.
14        7.3    Once an objection to the disclosure of Confidential Information
15 and/or Highly Confidential Information has been made, the parties shall conduct a
16 meet and confer satisfying Civil Local Rule 37-1 within two (2) business days of the
17 notice of objection in a good faith effort to resolve the dispute, unless the parties first
18 agree in writing to extend said time period beyond two (2) business days.  If the
19 parties cannot resolve the objection during the meet and confer, the objecting party
20 must send its portion of a Joint Stipulation to the party proposing disclosure within
21 five (5) business days after service of the notice of objection, or the objection to
22 disclosure is waived, unless the Court has issued an extension beyond five (5)
23 business days or the parties first agree in writing to extend said time period beyond
24 five (5) business days.  The objecting party shall file its motion within two (2)
25 business days of receipt of the opposing party's portion of the Joint Stipulation, and
26 shall notice the motion to be heard on the earliest available Motion Day that is at least
27 twenty-one (21) days after the filing of the motion, in compliance with Civil Local
28 Rule 37-3.

1          7.4  To the extent not inconsistent with Paragraphs 7.1, 7.2, and 7.3, Civil Local Rule 37 applies to disputes regarding the disclosure of Confidential Information and/or Highly Confidential Information to persons identified pursuant to Paragraphs 6.2(e) or 6.3(d).

        7.5  No Confidential Information and/or Highly Confidential Information shall be disclosed to persons identified pursuant to Paragraphs 6.2(e) or 6.3(d) to which an objection has been made until the objection has been ruled upon by the Court or otherwise resolved.

        8.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized to receive it under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of all pertinent facts relating to the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

        9.  **INADVERTENT PRODUCTION**

      The disclosure of information shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after the Producing Party becomes aware of any such disclosure, the Producing Party designates any such information as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing the return of such documents disclosing the information to the Producing Party or the destruction of those documents. If a party through inadvertence produces or provides documents in discovery that it believes should not have been disclosed, the Producing Party may give written notice to the Receiving Party or Parties and request that the documents be returned to the Producing Party. The Receiving Party or Parties shall promptly return to the

1  Producing Party such document and destroy all copies of the documents that may
2  have been made.  Return of the document by the Receiving Party shall not constitute
3  an admission or concession, or permit any inference, that the returned document
4  should not have been disclosed, nor shall it foreclose any party from moving the
5  Court for an Order that such document should be produced for reasons other than a
6  waiver caused by the inadvertent production.

7        10.    <u>FILING PROTECTED MATERIAL</u>

8  Without written permission from the Designating Party or a Court order
9  secured after appropriate notice to all interested persons, a party may not file in the
10 public record in this action any Protected Material.  A party that seeks to file under
11 seal any Protected Material shall comply with the Court's rules and procedures,
12 including Civil Local Rule 79-5.  This Order does not alone justify the filing of
13 pleadings or other documents under seal.

14       11.    <u>THIRD PARTIES</u>

15 It is expressly contemplated, agreed and ordered that third parties, including
16 witnesses, who provide discovery in this action may invoke all provisions of this
17 Order as to that discovery, and that the parties to this Order will treat all material
18 designated by such third parties as "CONFIDENTIAL" and/or "HIGHLY
19 CONFIDENTIAL" in accordance with the terms of this Order.  A third party's use of
20 this Order to protect its Confidential Information and/or Highly Confidential
21 Information does not entitle that third party access to Confidential Information and/or
22 Highly Confidential Information produced by any party in this case.

23       12.    <u>NEW PARTIES TO THIS ACTION</u>

24 In the event that one or more parties are added or substituted into this action by
25 any means, including consolidation with another action, this Order shall be binding
26 on and shall inure to the benefit of such new parties, subject to the right of such new
27 parties (other than a subsidiary of a party who is already bound by this Order) to seek
28 relief from or modification of this Order.  Said parties who join or are added or

STIPULATED PROTECTIVE ORDER              15
CASE NO. CV 10-0492 JST (PLAx)

1  substituted into this action shall not have access to Confidential Information and/or
2  Highly Confidential Information until the newly-joined party or its counsel has
3  executed and filed with the Court its agreement to be bound by this Order.
4       13.   FINAL DISPOSITION
5       Unless otherwise ordered or agreed in writing by the Producing Party, within
6  sixty (60) days after the final termination of this litigation, each party that is subject
7  to this Order shall destroy or return to the Producing Party all Protected Material,
8  including all copies of such matter which may have been made, and any abstracts,
9  compilations, summaries or other documents reflecting or disclosing Protected
10 Material.  Notwithstanding this provision, receiving outside counsel may retain all
11 pretrial and trial pleadings and transcripts as are regularly maintained by outside
12 counsel in the ordinary course of business, and may retain other documents, things,
13 copies and samples to the extent they include or reflect the receiving attorneys'
14 work product, provided such records shall be maintained confidential in accordance
15 with this Order.  Whether the Protected Material is destroyed or returned, the
16 Receiving Party shall submit a written certification to the Producing Party by the
17 sixty-day deadline confirming its compliance with this Paragraph.  The parties agree
18 to cooperate in the removal of Confidential Information and/or Highly Confidential
19 Information from the Court's files upon final termination of this action.
20      14.   MISCELLANEOUS
21          14.1   Right to Further Relief. Nothing in this Stipulated Protective
22 Order abridges the right of any person to seek its modification by the Court at any
23 time.
24          14.2   Right to Assert Other Objections.  By stipulating to the entry of
25 this Protective Order, no party waives any right it otherwise would have to object to
26 disclosing or producing any information or item on any ground not addressed in this
27 Stipulated Protective Order.  Similarly, no party waives any right to object on any
28

ground to use in evidence of any of the material covered by this Stipulated Protective Order.

        14.3   <u>No Waiver or Termination of Restrictions</u>.  No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown.  The restrictions provided herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.

**IT IS SO ORDERED.**

Dated:  September 8, 2010

_____
The Honorable Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCORE HOLDINGS LTD and VIVA USA INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> vs. <br><br> INFINITI MEDIA, INC., <br><br> Defendant/Counter-Claimant. <br><br> AND RELATED COUNTERCLAIMS | Case No. CV 10-0492 JST (PLAx) <br><br> **PROTECTIVE ORDER ACKNOWLEDGEMENT AND DECLARATION** |

I, _____, state the following:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Stipulated Protective Order in this action and understand its provisions. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information.

5. I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information and/or Highly Confidential Information are to be destroyed or returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Stipulated Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Stipulated Protective Order.

7. I agree to submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Acknowledgment and Declaration.

8. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.          _____